ROBERT E. ATKINSON, ESQ., Bar No. 9958
Email: robert@nv-lawfirm.com
ROBERT E. OPDYKE, ESQ., Bar No. 12841
**ATKINSON LAW ASSOCIATES P.C.**
8965 S Eastern Ave, Suite 260
Las Vegas, NV 89123
Telephone: (702) 614-0600
Facsimile: (702) 614-0647
*Attorney for Brian D. Shapiro, Trustee*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>    WALTER P. LLOYD and<br>    YOLANDA G. LLOYD;<br><br>              Debtors. | Case No. 13-13715-mkn<br>Chapter 7<br><br>**TRUSTEE'S MOTION FOR TURNOVER OF ASSETS FROM DEBTORS**<br><br>Hearing Date:   February 26, 2014<br>Hearing Time:   2:30 p.m. |

    BRIAN SHAPIRO, the duly appointed Chapter 7 Trustee of the above-captioned bankruptcy estate ("*Trustee*"), hereby moves this Court for an order requiring Debtor to immediately turn over certain personal property items, which were not included on Debtor's schedules, to the Trustee for proper administration as part of the bankruptcy estate.

    This motion is based on: the Memorandum of Points and Authorities contained herein; the pleadings and papers on file in this case; the *Declaration of Robert Atkinson, Esq.* ("*Atkinson Decl.*") docketed concurrently herewith; and any oral arguments made at the time of hearing on this matter.

DATED:  January 22, 2014        **ATKINSON LAW ASSOCIATES P.C.**

                                                      By:      /s/ Robert Atkinson
                                                                ROBERT E. ATKINSON, ESQ.
                                                                Nevada Bar No. 9958
                                                                *Attorney for Brian D. Shapiro, Trustee*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.    BACKGROUND**

1.  On April 29, 2013, Debtors filed for relief under Chapter 11 of Title 11 of the United States Code (the "*Bankruptcy Code*").  See DE #1.

2.  On September 6, 2013, Debtors voluntarily converted their case to Chapter 7 and Brian Shapiro was appointed as Chapter 7 Trustee.  See DE #47 & DE #49.

3.  On November 15, 2013, Trustee's counsel went to Debtors' residence to review and photograph various items of personal property.  True and correct copies of some of the photographs taken by Trustee's counsel are attached hereto as **EXHIBIT 1**.  *Atkinson Decl.* at ¶ 3.

4.  In particular, Trustee's counsel observed the following items of personal property in the possession of the Debtors:

   a.  A flatbed trailer

   b.  An antique Coca-Cola brand vending machine/refrigeration unit

   c.  A lawn tractor (not pictured)

   *Atkinson Decl.* at ¶ 4; see also **EXHIBIT 1**.

5.  Mr. Lloyd indicated to Trustee's counsel that these items were property of the Debtor, and at no time indicated that they were owned by any other person or entity. *Atkinson Decl.* at ¶ 5.

6.  None of these items were identified by the Debtors on their Schedule B.  See DE #66 at p. 2-5.

7.  Furthermore, this property should not have been grouped into any of the Debtors' general asset descriptions.  The flatbed trailer should have been identified on Schedule B under item #25 (automobiles, trailers, and vehicle accessories).  The antique vending machine should have been identified under item #5 (art, antiques, and collectibles).  The lawn tractor does not fit under the primary categories and therefore should have been identified under item #35 (other personal property).

8.  None of these assets were claimed as exempt by Debtors on Schedule C, and therefore they are property of the bankruptcy estate.  See *id.* at p. 6; see also 11 U.S.C. § 541.

9. Trustee's counsel has researched the above-listed items, and determined that their value to the bankruptcy estate would not be inconsequential. *Atkinson Decl.* at ¶ 6.

10. Accordingly, the Trustee seeks immediate turnover of these items of personal property to the bankruptcy estate.

## II.    LEGAL AUTHORITIES and ARGUMENT

11. Pursuant to 11 U.S.C. § 542:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

12. The items of personal property listed above are property of the Debtors; therefore, these items are rightly included in the Debtor's bankruptcy estate. See 11 U.S.C. § 541(a)(1).

13. Furthermore, Debtors have made no claim to exempt these items of personal property from the bankruptcy estate. See DE #66 at p. 8.

14. The Trustee believes these items of personal property have more than inconsequential value to the estate, and thus seeks their immediate turnover for administration as assets of the estate pursuant to 11 U.S.C. § 542(a).

///
///
///
///
///
///
///

### III.     RELIEF REQUESTED

15.   For the reasons stated herein, the Trustee respectfully requests that the Court enter an order requiring the Debtors to immediately turn over the flatbed trailer, the antique Coca-Cola brand vending machine/refrigeration unit, and the lawn tractor to the Trustee on behalf of the Debtor's bankruptcy estate.

DATED:  January 22, 2014                              **ATKINSON LAW ASSOCIATES P.C.**

                                                                          By:_____/s/ Robert Atkinson_____
                                                                                  ROBERT E. ATKINSON, ESQ.
                                                                                  Nevada Bar No. 9958
                                                                                  *Attorney for Brian D. Shapiro, Trustee*

# EXHIBIT 1







